UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACOB D. GILLMORE, Pro Se<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,<br><br>Defendant. | Civil Action No.: Case: 1:26–cv–00065<br>Assigned To : Sooknanan, Sparkle L.<br>Assign. Date : 1/2/2026<br>Description: Pro Se Gen. Civ. (F–DECK)<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Declaratory Relief Concerning Exchange Act § 12(k)

**I. NATURE OF THE ACTION**

¶1. This action seeks a declaratory judgment under 28 U.S.C. § 2201 resolving a narrow and purely legal question concerning the scope of authority delegated to the Financial Industry Regulatory Authority, Inc. ("FINRA").

¶2. Plaintiff seeks a declaration as to whether FINRA lacks authority under the Securities Exchange Act of 1934 or rules of the Securities and Exchange Commission ("SEC") to impose or structure a trading halt in a manner that results in a permanent or functionally permanent suspension of trading absent an order issued by the SEC pursuant to 15 U.S.C. § 78l(k).

¶3. This action does not challenge the prudence, wisdom, or market impact of any regulatory decision, nor does it seek damages, injunctive relief, or review of enforcement discretion. It presents only a question of statutory and regulatory authority appropriate for declaratory resolution.

RECEIVED
JAN 02 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## II. JURISDICTION AND VENUE

¶4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2201 because this action arises under the laws of the United States, including the Securities Exchange Act of 1934.

¶5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and 1391(e) because Defendant performs regulatory functions subject to SEC oversight within this District, and the delegation and scope of authority at issue arises from actions taken or approved in this District.

## III. PARTIES

¶6. Plaintiff is a market participant whose rights and interests are directly affected by FINRA's asserted authority to impose or structure trading halts with permanent or functionally permanent effect.

¶7. Defendant FINRA is a self-regulatory organization registered with the SEC pursuant to Section 15A of the Securities Exchange Act of 1934 and exercises delegated regulatory authority subject to statutory and SEC-imposed limits.

## IV. FACTUAL BACKGROUND

¶8. Section 12(k) of the Securities Exchange Act of 1934 vests exclusive authority in the SEC to suspend trading in any security for periods exceeding ten days.

¶9. FINRA is authorized to impose temporary trading halts pursuant to SEC-approved rules but is not expressly granted authority to impose permanent or functionally permanent trading suspensions.

¶10. In certain circumstances, FINRA has structured or maintained trading halts that have resulted in trading never resuming, absent an SEC order under Section 12(k).

¶11. The Exchange Act does not expressly authorize FINRA to impose or effectuate permanent trading suspensions, nor does any SEC rule delegate such authority.

## V. QUESTION PRESENTED

¶12. Whether the Financial Industry Regulatory Authority, Inc. lacks authority under the Securities Exchange Act of 1934 or rules of the Securities and Exchange Commission to impose or structure a trading halt in a manner that results in a permanent or functionally permanent suspension of trading absent an order issued by the Securities and Exchange Commission pursuant to 15 U.S.C. § 78l(k).

## VI. CLAIM FOR DECLARATORY RELIEF

¶13. FINRA has asserted and exercised such authority in circumstances affecting Plaintiff's legally cognizable interests, giving rise to a concrete dispute appropriate for declaratory resolution.

¶14. An actual and justiciable controversy exists between the parties regarding the scope of FINRA's delegated authority.

¶15. Plaintiff seeks a declaration that FINRA lacks authority to impose or structure a trading halt resulting in a permanent or functionally permanent suspension of trading absent an SEC order issued pursuant to Section 12(k) of the Exchange Act.

## VII. PRAYER FOR RELIEF

¶16. Plaintiff respectfully requests that the Court declare that FINRA lacks authority under the Securities Exchange Act of 1934 or SEC rules to impose or structure a trading halt resulting in a permanent or functionally permanent suspension of trading absent an SEC order under 15 U.S.C. § 78l(k).

¶17. Plaintiff further requests such other and further relief as the Court deems just and proper.

**VIII. JURY DEMAND**

¶18. Plaintiff demands no jury trial, as this action seeks purely declaratory relief.

Respectfully submitted,

Jacob Daniel Gillmore

Plaintiff, Pro Se

2713 Mustang Drive

Oakdale, California 95361

916.960.9377

jacobgillmore@gmail.com

Date: January 2, 2026