**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JACOB D. GILLMORE,

*Plaintiff*,

v.

FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,

*Defendant*.

Civil Action No. 26-65 (SLS)
Judge Sparkle L. Sooknanan

**MEMORANDUM OPINION**

In this case, Jacob D. Gillmore, proceeding pro se, seeks a declaratory judgment regarding the scope of the regulatory authority that the Financial Industry Regulation Authority, Inc. (FINRA) may exercise. Because Mr. Gillmore does not allege any injury, he lacks standing to proceed. Accordingly, the Court must dismiss this action for lack of subject-matter jurisdiction.

"A motion under Rule 12(b)(1) presents a threshold challenge to a court's [subject-matter] jurisdiction." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022) (cleaned up), *aff'd*, 77 F.4th 679 (D.C. Cir. 2023). A plaintiff bears the burden of establishing a court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In evaluating whether a plaintiff has met that burden at the pleading stage, a court may "accept as true all of the factual allegations contained in the complaint." *Am. Freedom L. Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)). "But [a] court is not limited to the allegations of the complaint and may consider such materials outside the pleadings as it deems appropriate." *New Mexico v. Musk*, 824 F. Supp. 3d 80, 91 (D.D.C. 2026) (cleaned up).

In January 2026, Mr. Gillmore brought this suit, naming FINRA as the sole Defendant. Mr. Gillmore "seeks a declaratory judgment . . . resolving a narrow and purely legal question": "whether FINRA lacks authority under the Securities Exchange Act of 1934 or rules of the Securities and Exchange Commission (SEC) to impose or structure a trading halt in a manner that results in a permanent or functionally permanent suspension of trading absent an order issued by the SEC[.]" Compl. ¶¶ 1–2, ECF No. 1 (cleaned up). FINRA is "a private corporation" that "regulates and oversees large parts of the securities industry." *Alpine Sec. Corp. v. FINRA*, 121 F.4th 1314, 1318 (D.C. Cir. 2024). "As required by federal law, FINRA promulgates rules for its members to follow." *Id.* at 1321. "The SEC must approve all of FINRA's rules, and the SEC may abrogate, add to, and delete from all FINRA rules as it deems necessary." *Aslin v. FINRA*, 704 F.3d 475, 476 (7th Cir. 2013) (first citing 15 U.S.C. § 78s(b)(1); and then citing 15 U.S.C. § 78s(c)).

FINRA moves to dismiss Mr. Gillmore's Complaint on multiple grounds, including lack of standing, regulatory immunity, lack of a private right of action, and failure to state a claim. Def.'s Mot. Dismiss (Mot.), ECF No. 7.[1] Because Mr. Gillmore has not demonstrated standing to bring his claim, the Court lacks subject-matter jurisdiction to proceed.

"It is well established that a federal court cannot act in the absence of jurisdiction, and it is equally well established that Article III standing is a prerequisite to federal court jurisdiction." *Gjoci v. U.S. Dep't of State*, 171 F.4th 430, 435 (D.C. Cir. 2026) (cleaned up). To establish the "irreducible constitutional minimum of standing," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (cleaned up), "a plaintiff must show (i) that he suffered an injury in fact that is concrete,

[1] The Defendant's motion is fully briefed and ripe for review. *See* Pl.'s Opp'n (Opp'n), ECF No. 10; Def.'s Reply (Reply), ECF No. 11.

particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief[,]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Like any other form of relief, declaratory judgments are subject to Article III's standing requirements. *See, e.g.*, *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) ("The declaratory judgment procedure is available in the federal courts only in cases involving an actual case or controversy, where the issue is actual and adversary, and it may not be made the medium for securing an advisory opinion in a controversy which has not arisen." (citations omitted)); *Gjoci*, 171 F.4th at 435–36 (affirming dismissal of a claim seeking declaratory relief for lack of standing). To show standing to seek declaratory relief, a plaintiff "must show he is suffering an ongoing injury or faces an immediate threat of injury." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011). "In other words, a plaintiff cannot simply rest on some abstract desire to know his rights or status under a statute, but rather needs to connect the requested declaration to some actual or imminent injury." *Hemp Indus. Ass'n v. DEA*, 36 F.4th 278, 290 (D.C. Cir. 2022) (first citing *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977); then citing *Golden v. Zwickler*, 394 U.S. 103, 109 (1969); and then citing *Steffel v. Thompson*, 415 U.S. 452, 458–59 (1974)).

Here, Mr. Gillmore's threadbare claim to standing fails on the first prong. He fails to allege any injury whatsoever—much less one that is "concrete, particularized, and actual or imminent[.]" *TransUnion*, 594 U.S. at 423. Mr. Gillmore's Complaint alleges only that he "is a market participant whose rights and interests are directly affected by FINRA's asserted authority to impose or structure trading halts with permanent or functionally permanent effect[,]" Compl. ¶ 6, expressly disclaiming any challenge to the "prudence, wisdom, or market impact of any regulatory decision," Compl. ¶ 3. And his opposition offers only the unsupported assertions that "[t]he existence and scope of FINRA's asserted authority directly affects [the] Plaintiff's legally

cognizable interests," and that this case "presents an ongoing and concrete controversy concerning the legal framework governing [the] Plaintiff's participation in the market, not a hypothetical or abstract dispute." Pl.'s Opp'n (Opp'n) at 2, ECF No. 10.[2] Even taken as true, such conclusory allegations do not identify any specific injury that could confer standing, and certainly none that is "ongoing" or "immediate[ly] threat[ened][,]" as standing to seek declaratory relief requires. *Dearth*, 641 F.3d at 501; *cf. Hollingsworth v. Perry*, 570 U.S. 693, 694 (2013) (explaining that "a generalized grievance—no matter how sincere—is insufficient to confer standing" (cleaned up)).

The Court understands that Mr. Gillmore seeks answers to his question. But "[f]ederal courts do not possess a roving commission to publicly opine on every legal question" and they "do not issue advisory opinions." *TransUnion*, 594 U.S. at 423–24. Because Mr. Gillmore has not alleged an injury that can support standing, the Court cannot answer the question that he poses. The Court must dismiss this action for lack of subject-matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 7. A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date: November 12, 2026

[2] Because Mr. Gillmore proceeds pro se, the Court considers his Complaint "in light of all filings, including filings responsive to [the] motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up).